United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES ex rel. JAHR et al.,<br>Plaintiffs,<br>v.<br>TETRA TECH EC, INC. et al.,<br>Defendants. | Case No. 13-cv-03835-JD<br><br>**SECOND ORDER RE UNITED STATES' SETTLEMENT AND RELATORS' SHARES UNDER FALSE CLAIMS ACT** |
| UNITED STATES ex rel. SMITH,<br>Plaintiff,<br>v.<br>TETRA TECH EC, INC. et al.,<br>Defendants. | Case No. 16-cv-01106-JD |
| UNITED STATES ex rel. WADSWORTH et al.,<br>Plaintiffs,<br>v.<br>TETRA TECH EC, INC. et al.,<br>Defendants. | Case No. 16-cv-01107-JD |

As the Court has stated, the United States and Tetra Tech EC, Inc. have reached an agreement to settle the first through fourth causes of action in the United States' Second Amended Complaint in Intervention. Dkt. No. 509; Dkt. No. 452, Ex. 1.[1] The claims subject to the settlement are: (1) False Claims Act: Presentation of False Claims (31 U.S.C. § 3729(a)(1)(A));

[1] Docket number references are to the ECF docket for *Jahr*, Case No. 13-cv-03835-JD.

(2) False Claims Act: False Statement Material to a False Claim (31 U.S.C. § 3729(a)(1)(B)); (3) Common Law Fraud; and (4) Breach of Contract. Dkt. No. 372 ¶¶ 143-60. Tetra Tech EC has agreed to pay to the United States $57,000,000, plus interest, to settle these claims. Dkt. No. 452, Ex. 1 at 3 ¶ 1. An attachment to the agreement captioned, "United States' Allocation of the Settlement Amount," states that $51,870,000 of the settlement amount is allocated to the "Soil Fraud Allegations," and $5,130,000 is allocated to the "Building Scan Fraud Allegations." *Id.*, Attachment A.

The United States asks that the Court approve this settlement as "fair, adequate, and reasonable under all the circumstances" under 31 U.S.C. § 3730(c)(2)(B). *See* Dkt. Nos. 472, 476. The parties' familiarity with the facts is assumed, and the request is granted. The share of the settlement awarded to the *qui tam* relators under 31 U.S.C. § 3730(d) is stated as follows.

## DISCUSSION

### I. APPROVAL OF THE FCA SETTLEMENT

The False Claims Act (FCA) authorizes the Court to approve a proposed settlement that is "fair, adequate, and reasonable under all the circumstances." 31 U.S.C. § 3730(c)(2)(B); *see also United States ex rel. Sharma v. Univ. of S. Cal.*, 217 F.3d 1141, 1143 (9th Cir. 2000) ("The FCA provides that the district court must approve a proposed settlement in a qui tam case (in which a party sues on behalf of the government)"). The Court declined a prior request for approval presented by the United States, and directed it to address in a supplemental submission the reasons why approval would be appropriate. Dkt. No. 509. The United States has done so. *See* Dkt. No. 520.

In a *qui tam* case, the United States is "agreeing to compromise with respect to its own injuries only, not those of the relator or other absent parties." *United States v. Everglades College, Inc.*, 855 F.3d 1279, 1288 (11th Cir. 2017), *abrogated on other grounds by United States ex rel. Polansky v. Executive Health Resources, Inc.*, 599 U.S. 419 (2023). As a consequence, the settlement approval factors under Federal Rule of Civil Procedure 23 are of limited application, and the Court "must afford some degree of respect" to the government's decision to settle. *Id.* at 1288-89.

The Court has reviewed the settlement for fairness, and on the record as it now stands, finds it appropriate to grant approval. The Court finds that the United States' proposed FCA settlement with Tetra Tech EC, Inc. is "fair, adequate, and reasonable under all the circumstances." 31 U.S.C. § 3730(c)(2)(B). No party or person has objected otherwise.

## II. RELATORS' SHARES OF THE SETTLEMENT PROCEEDS

Pursuant to 31 U.S.C. § 3730(d), if "the Government proceeds with an action brought by" a relator, "such person shall . . . receive at least 15 percent but not more than 25 percent of the proceeds of the action or settlement of the claim, depending upon the extent to which the person substantially contributed to the prosecution of the action." The payment is to be "made from the proceeds." *Id*. The relators are: Arthur R. Jahr, III, Elbert G. Bowers, Susan V. Andrews, and Archie R. Jackson (together, the Jahr relators); relator Anthony Smith; and relators Donald K. Wadsworth and Robert McLean (Wadsworth/McLean relators).

The relators and the United States agree that the Court may award relators' shares to the relators collectively as a group, without specifying the individual breakdown to be received on a relator-by-relator basis. Dkt. Nos. 512, 520. The parties also agree that the Court may award the relators' shares using the "Soil Fraud" and "Building Fraud" framework used in the attachment to the settlement agreement, Dkt. No. 452, Ex. 1, Attachment A. The parties jointly propose that the relators should receive a 21% share of the settlement. *See* Dkt. Nos. 512, 520.

The relators' shares are awarded as follows:

(1) For the $51,870,000 and any interest paid by Tetra Tech EC for the Soil Fraud Allegations, a 21% share is awarded to the Jahr relators, relator Anthony Smith, and the Wadsworth/McLean relators. As proposed by the relators, the award will be divided among the relators as follows: the Jahr relators will receive a 59% share; relator Smith will receive a 26% share; and the Wadsworth/McLean relators will receive a 15% share. The Court rejects the United States' argument that relator Smith and the Wadsworth/McLean relators are precluded from sharing in the award because of the first-to-file bar. *See* Dkt. No. 520 at 16-17. The United States did not ask to dismiss the Smith and Wadsworth/McLean complaints on this basis, and instead chose to intervene in all three cases. *See*, *e.g.*, Dkt. No. 372 (Second Amended Complaint in

Intervention) at 1 (case caption identifying Jahr relators, Smith, and Wadsworth/McLean relators); *see also Jahr* Dkt. No. 28; *Smith* Dkt. No. 23; *Wadsworth* Dkt. No. 23. The Court finds it appropriate that all three groups of relators should share in this award.

(2) For the $5,130,000 and any interest paid by Tetra Tech EC for the Building Fraud Allegations, a 21% share is awarded to relator Anthony Smith and the Wadsworth/McLean relators. As proposed by the relators, the award will be divided among the relators as follows: relator Smith will receive a 50% share; and the Wadsworth/McLean relators will receive a 50% share. Relators and the United States agree that the Jahr relators did not make any building fraud allegations and so are appropriately excluded from this award. *See* Dkt. No. 520 at 20; Dkt. No. 512 at 19.

**CONCLUSION**

The United States and Tetra Tech EC, Inc. are directed to effectuate their settlement in accordance with the terms of the settlement agreement. The United States is directed to pay the relators' shares as ordered above to the relators through their counsel within 21 days of this order. The United States may request more time if needed.

The case will be closed. The relators may file a request for reasonable expenses, attorney fees and costs to be paid by Tetra Tech EC pursuant to the False Claims Act, 31 U.S.C. § 3730(d). The request should be made on a stipulated basis to the fullest extent possible.

The hearings that were set for August 13, 2026, are vacated.

**IT IS SO ORDERED.**

Dated: August 12, 2026

JAMES DONATO
United States District Judge